IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT FOR ALABAMA
SOUTHERN DIVISION

VALENCIA JOHNSON, a minor, )
by and through her Mother )
and Best Friend, THERESA )
JOHNSON; VALENCIA JOHNSON, )
individually, )
 )
    Plaintiff, )
v. ) CV-98-AR-1098-S
 )
CITY OF BESSEMER, a )
municipal corporation; )
OFFICER ARCHIE ARRINGTON, )
individually, )
 )
    Defendants. )

FILED 98 DEC -1 PM 12:11 U.S. DISTRICT COURT N.D. OF ALABAMA

cko

ENTERED
DEC 1 1998

## MEMORANDUM OPINION

The court has before it a motion for summary judgment filed by defendant Officer Archie Arrington ("Arrington"), who is sued in his individual capacity. Plaintiff, Valencia Johnson ("Johnson"), a minor suing by and through her mother, claims that Arrington, a police officer, exercised excessive force against her when he forcibly removed her from the stage of the City of Bessemer auditorium during a high school party and escorted her out of the building. Johnson claims that as a result of the alleged excessive force, she suffered injuries to her arm, accompanied by emotional and psychic distress. She brings suit under 42 U.S.C. §1983 for violation of the Fourth Amendment

30

protection against unreasonable seizure,[1] and Alabama tort law. For the reasons set out more fully below, the court concludes that no genuine issues of material fact exist in regard to any of plaintiff's claims. Accordingly, defendants' motion for summary judgment will be granted.

## Pertinent Undisputed Facts

On November 7, 1997 a dance party was held for Jess Lanier High School students at the Bessemer City Auditorium. Arrington, a member of the police force for the City of Bessemer, was employed to provide security at the dance as a uniformed, off-duty officer.

During the party, Johnson, tired from the dancing, sat down on the edge of the stage in the auditorium. Although she was unaware of any rule prohibiting her from sitting there, in fact it is the policy of the City auditorium that no persons are

---

[1] In her Amended Complaint, Johnson claims that Arrington's alleged excessive force violated her rights under both the Fourth and the Fourteenth Amendment. Arrington correctly argues that excessive force claims are "properly analyzed under the Fourth Amendment's objective reasonableness standard, rather than under a substantive due process standard." *See Graham v. Conner*, 490 U.S. 386 (1989). In her brief opposing Arrington's motion for summary judgment, Johnson attempts to recast the Fourteenth Amendment claim, arguing that her rights thereunder were violated because the alleged excessive force constituted summary punishment. This court will not allow Johnson to amend her complaint to include a new count by means of a brief opposing summary judgment. This Fourteenth Amendment claim will not be considered, and the excessive force allegation will be deemed to state a claim under the Fourth Amendment alone. However, the court notes that whereas Arrington is ultimately entitled to immunity from all claims arising pursuant to 42 U.S.C. § 1983, this notation is of little practical consequence.

allowed to sit on the stage, because stage lights might be damaged or persons might be injured. No other persons were sitting on the stage.

Arrington approached Johnson, gesturing with his hands in such a way as to indicate that she should get off the stage. Because the dance music was very loud, Johnson could not understand Arrington's verbal instructions and did not immediately understand his gestures. Believing Johnson to be ignoring his commands to move, Arrington moved closer, and just as she began to comply voluntarily, he took her by the arm, forcibly removed her from the stage, and escorted her from the auditorium. Arrington then left Johnson outside the building, instructing her not to return to the dance.

By the next morning, Johnson's arm showed bruises as a result of Arrington's grip, and it caused some degree of physical pain. After two additional days, her arm continued to ail her, so she visited a doctor. X-rays revealed that her arm suffered from pulled tendons and ligaments. A hydrocortisone shot was administered, over-the-counter pain medication was prescribed by the doctor, and Johnson's arm was placed in a sling. No additional treatment was prescribed.

## Analysis

Few cases are so clearly ripe for the application of qualified

immunity as this case. To overcome Arrington's claim of immunity, Johnson would have to demonstrate that "when the defendant acted, the law established the contours of a right so clearly that a reasonable official would have understood his acts were unlawful." See Anderson v. Creighton, 483 U.S. 635, 640 (1987). Plaintiff cites no cases, and the court's own research has revealed none, in which the facts are truly materially similar to the present case and which clearly regard Arrington's conduct as unlawful.

Nevertheless, even absent case law involving materially similar factual circumstances, the use of force might be clearly unlawful if terribly severe. Arrington's use of force, however, even if deemed unnecessary in hindsight, must surely be considered <u>minimal</u>, not severe. He did not handcuff Johnson, break her arm, hit her, kick her, or place her under arrest. Johnson herself admits that Arrington did not "yank" her off the stage, as initially alleged. Pl.'s depo. at 111. As Arrington correctly points out, the Eleventh Circuit has regularly granted qualified immunity to police officers in circumstances involving much greater force than he used against Johnson. See, e.g., Post v. City of Lauderdale, 7 F.3d 1552 (11th Cir. 1993); Jones v. City of Dothan, 121 F.3d 1456 (11th Cir. 1993)

This court therefore finds that as of the date of the incident at the center of this dispute, the law was not clearly

established so as to prevent an off-duty police officer from enforcing the reasonable rules of an institution like the City Auditorium, even if enforcement required the application of minimal force. Certainly, neither the prior case law nor the present circumstances "dictate, that is, truly compel (not just suggest or allow or raise a question about) the conclusion... that what [Arrington was] doing violate[d] federal law." See *Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146, 1150 (11th Cir. 1994)(en banc)(cited in *Def.'s Brief* at 7). As a result, Arrington is entitled to qualified immunity regarding Johnson's excessive force claim under the Fourth Amendment.

Discretionary function immunity, under Alabama law, similarly applies to Johnson's state law claims. Arrington cites the recent case of *Sheth v. Webster*, 134 F.3d 1447 (11th Cir. 1998), to define discretionary acts as "those acts as to which there is no hard and fast rule as to the course of conduct that one must or must not take and those acts requiring exercise in judgment and choice involving what is just and proper under the circumstances." *Id.*, at 1454. Under Ala. Code § 6-5-338(a)(1997), discretionary function immunity shields police officers from tort liability, unless the officer's conduct was willful, malicious, fraudulent, or in bad faith.

The circumstances out of which this case arises did not lend themselves to "hard and fast" rules. Arrington necessarily

exercised discretion when determining how long to request politely that Johnson voluntarily move from the stage, how to escalate his insistence when she did not comply, and finally when and whether minimal force was necessary to remove her when she appeared to ignore him. Johnson has provided no evidence to show that Arrington was not acting in good faith. She seems to rely upon the mere fact that she suffered mild injuries to infer that Arrington must have acted with malice. But arm-squeezing is not a precise science; bruises and other minor injuries are not inconsistent with a minimal application of force by a police officer acting in good faith. Any inference of malice suggested by Johnson's mild injuries are not sufficient, in and of themselves, to overcome the presumption of immunity which shields Arrington's discretionary acts.[2]

## Conclusion

For the reasons set out above, the court finds that no genuine issue of material fact exists with regard to Johnson's claims. Arrington is entitled to judgment as a matter of law, and his

---

[2] Johnson also alleges that Arrington used obscene language toward her while escorting her from the City auditorium. Were this true, such a fact would lend support to Johnson's claim that Arrington acted with malice. However, Johnson's affidavit reports only that Arrington said "You're fixing to get the hell out of here." Telling Johnson to "get the hell out" may well have been unnecessary, even unprofessional, but it certainly cannot be considered "obscene" such that it shows malice on Arrington's behalf. There is no other evidence in the record to support Johnson's obscenity allegation.

motion is due to be granted.  A separate and appropriate order will be entered.

DONE this 1st day of December, 1998.

						_____
						WILLIAM M. ACKER, JR.
						UNITED STATES DISTRICT JUDGE